This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37569

**CHERYL M. CUMMINGS,**

Petitioner-Appellant,

v.

**JESSYCA CUMMINGS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jane C. Levy, District Judge**

Law Office of Augustine M. Rodriguez,
Augustine M. Rodriquez
Albuquerque, NM

for Appellant

Robynn Sena Dixon
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Petitioner appeals from the district court's memorandum order denying her motion to reconsider and denying her visitation with her grandson. In this Court's notice of proposed disposition, we proposed to summarily affirm. Respondent and Petitioner each filed memoranda in response, which we have duly considered. Unpersuaded by Petitioner's memorandum in opposition, we affirm.

**{2}** In her memorandum in opposition, Petitioner continues to argue that the district court erred in denying her visitation rights because (a) the district court did not take the

best interests of the child into consideration because it failed to "take . . . the appropriate steps to verify offers of proof by Respondent," appoint a guardian ad litem or a Rule 11-706 expert, or require an in camera interview with the child; (b) Respondent's offer of proof as to the child's preferences was not, in fact, made "without objection"; and (c) ascertaining the child's opinions first hand would not infringe upon Respondent's parental rights, so failing to do so was error. Petitioner additionally raises a new argument in her memorandum in opposition that she should not be required to pay certain of Respondent's attorney fees. We construe the addition of this latter argument as a motion to amend. *See* Rule 12-210 (D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in . . . the docketing statement[, but that t] he Court may, for good cause shown, permit the appellant to amend the docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition").

**{3}**     In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See Moore*, 1989-NMCA-073, ¶ 42.

**{4}**     Petitioner cites to no authority and presents no new facts or arguments in her memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Moreover, with regard to Petitioner's argument regarding attorney fees, she has failed to cite any authority or explain why the district court's award of attorney fees is erroneous as a matter of law. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). We therefore consider Petitioner's issue on attorney fees non-viable, and we deny the motion to amend. *See Moore*, 1989-NMCA-073, ¶¶ 42-43.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**LINDA M. VANZI, Judge**